REQUESTED BY: Kenneth D. Steinmiller, Director, Retirement Systems of the State of Nebraska.
1. If a judge dies before having reached the age of 65, leaving a surviving spouse, upon what basis is the value of the `benefit replaced,' as provided by section 24-710, R.S.Supp., 1978, to be calculated?
2. If a judge dies before having retired, must a written statement of intent to receive an alternate form of annuity have been filed in order for the surviving spouse to receive the annuity provided for in section 24-707, R.S.Supp., 1978?
1. The value is determined as though the judge had retired on the date of his death, and had thereupon been entitled to receive his formula annuity for the rest of his life.
2. No.
 1.
Section 24-707, R.S.Supp., 1978, provides in part:
 "In the event of the death of a judge prior to his retirement, if such judge shall have had ten or more years of service, the spouse of such judge shall at his option be immediately entitled to receive those benefits which the spouse would have been entitled to under subsection (5) of section 24-710, had the judge retired on the date of death and elected to have the retirement annuity paid as a joint and survivor annuity payable as long as either the judge or the judge's spouse should survive; . . . ."
Section 24-710(5), provides in part:
 "Any member may, by filing with the board a written statement of intent before retirement, elect to receive, in lieu of the single life annuity benefits to which the member or his beneficiary may otherwise be entitled under sections 24-701 to 24-714, any form of annuity which the board may by rules and regulations provide, the value of which, determined by accepted actuarial methods, is equal to the value of the benefit replaced. . . ."
The basic retirement benefits of a judge are computed pursuant to formulas prescribed in section 24-710, subsections (1) to (4). The formulas are based upon his years of service and final average salary, or upon the total salary earned between the time he started making contributions to the retirement fund and his retirement. His age at the time of retirement is not a factor in calculating his benefits.
In the event, however, that the judge elects to take an alternate form of annuity under sections 24-710(5), the actuarial value of his formula annuity must be calculated, to determine what benefits he and his beneficiary will receive under the alternate annuity. Obviously, the judge's age at retirement must be taken into account in calculating this actuarial value.
The actuarial value of the benefit the judge would have been entitled to must also be calculated to determine the benefits to be paid to a surviving spouse under section24-707. Your problem arises because section 24-708 provides that a judge may retire at age 65, and must retire at age 72, and does not provide for retirement before age 65. In a letter to you your actuary makes the statement that there is no provision for retirement prior to age 65. As we understand it, his premise is that if a judge with the requisite amount of service terminates service before age 65, he will not start drawing retirement benefits until age 65, and that the present value of such deferred annuity would therefore be reduced because of such deferral. The question is whether a similar calculation must be made in determining the benefits of a surviving spouse.
We believe your actuary's basic premise is false. The statute does provide for retirement before age 65. Section24-709, R.R.S. 1943, provides for retirement of a judge who has become physically or mentally disabled at any age, and provides for him to receive the benefits specified in section 24-710, without any reduction because of early retirement. In other words, such a judge might retire at age 50 and receive the same benefits as another judge with identical service and salary retiring at age 70, even though his life expectancy would be much longer.
We therefore conclude that if a judge dies at age 50, for example, the value of his benefits must be calculated as though he had retired at that age for disability (since that is the only way in which he could have retired at that age). The amount of the annuity payable to the surviving spouse will then be based on the value of the judge's benefits.
 2.
Section 24-710(5) requires a written statement of intent before retirement to qualify for the alternate forms of annuity. You inquire as to whether such a statement of intent must have been filed by the judge before his death in order to qualify his surviving spouse for the optional annuity specified in section 24-707. We conclude that such a statement of intent is not necessary.
The option specified in section 24-707 is clearly that of the surviving spouse, and not of the deceased judge. The statute says that the surviving spouse shall at `his' (the surviving spouse's) option receive the benefits `he' would have been entitled to had the judge retired on the date of death and elected to have the retirement annuity paid as ajoint and survivor annuity. The use of the subjunctive clearly shows that the option is given to the surviving spouse despite the fact that the judge had not actually made such election before his death.